UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LINDA JOHNSON, | ) | No. CV 05-00287-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION |
| v. | ) ) | AND ORDER |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

    This case has been here once before. At that time, the parties

stipulated to a remand for further administrative proceedings, and the Court entered Judgment. (See Linda D. Johnson v. Barnhart, Case No. CV 02-08064-VBK; Plaintiff's Motion at 1-2.) Upon remand, the Appeals Council vacated the prior decision and directed the Administrative Law Judge ("ALJ") to develop the record in accordance with the Order of the Court, and to hold a new hearing. (AR 261-262.) Additional evidence was obtained, which included a consultative orthopedic examination (AR 335-62), and thereafter, a new hearing was held on May 25, 2004, at which Plaintiff and a vocational expert ("VE") provided testimony. (AR 480-508.) On September 22, 2004, the ALJ issued an unfavorable decision, finding Plaintiff to be not disabled at Step Five of the sequential evaluation process. (AR 237-242.) Plaintiff then filed this action seeking judicial review of that decision.

Plaintiff argues, in the single issue raised in her Motion, that the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of her treating doctor, Dr. Oo, and her chiropractor, Dr. Weeks. Indeed, one conclusion rendered by Dr. Oo in a "check-off" form completed on September 23, 2003 (AR 335-339), is that Plaintiff is limited to sitting two hours a day and standing and walking less than two hours a day. (See AR at 337.) In his own check-off form, Dr. Weeks limited Plaintiff to standing and walking four hours a day and sitting no more than four hours a day, and also assessed her ability to lift as less than ten pounds occasionally, and to never lift frequently. (AR 340-344.)

The ALJ's decision notes the opinions of these sources, but implicitly rejects them. As to Dr. Oo, the ALJ declined to give any weight to the limitations he assessed, finding that there is no evidence of an examination and no objective evidence to support such

2

1  limitations. (AR 239.)  As to Dr. Weeks, his assessment was given no
2  weight because it was found to be inconsistent with other assessments
3  and does not show any objective evidence of limitation. (AR 239.)
4  Plaintiff asserts that these do not constitute specific and legitimate
5  reasons, and asks the Court to either reverse the decision of the ALJ
6  and award benefits, or in the alternative, to reverse and remand for
7  further administrative proceedings. (Plaintiff's Motion at 3-4.)

8  Plaintiff bears the burden of proving disability, and must
9  further demonstrate that because of her impairments, she was prevented
10 from performing substantial gainful activity for a period of 12
11 consecutive months beginning on or before the date last insured, which
12 in this case is agreed to be June 30, 2002. See 20 C.F.R. §404.131
13 (2004); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

14 The issue before the Court is whether specific and legitimate
15 reasons are provided in the decision for rejecting the opinions of
16 Drs. Oo and Weeks.  See Reddick v. Chater, 157 F.3d 715, 725 (9th Cir.
17 1998).

18 The ALJ's decision certainly indicates that he reviewed the
19 relevant medical evidence in the record.  In the decision, he provides
20 summaries of the relevant medical evidence.  This includes a 1998
21 orthopedic consultation examination by Dr. Roe, performed at the
22 request of the Department of Social Services (see AR at 135-40);
23 treatment by Dr. Metcalf between 1997 and 1998 (AR 103-126); Dr. Oo
24 (various exhibits are referenced; see, generally, AR at 239); Dr.
25 Weeks (AR 340-344).

26 With regard to the reasons articulated by the ALJ for rejection
27 of Dr. Oo's opinion, the Court interprets the ALJ's decision as an
28 indication that there is no evidence of an examination sufficient to

3

justify the functional assessments reported by Dr. Oo.  Further, the ALJ's reasoning that there is no objective evidence to support such limitations should be read, fairly, in the context of the ALJ's comparative summary of Plaintiff's health by various medical doctors.  Read in this context, for the reasons which will be set forth, the Court finds that the ALJ did rely on specific and legitimate reasons for rejecting Dr. Oo's opinion.

The treatment notes of Dr. Oo which are in the record in fact are minimal, and fail to indicate an extensive range of testing to support conclusions of functional limitations as set forth in his check-off form.  Indeed, that form itself is substantially internally contradictory.  It simultaneously indicates that Plaintiff's pain symptoms occur both seldom and frequently (AR 336), and he renders an opinion that because of her impairments, she would be absent from work both less than about once a month and more than three times a month.  (AR 339.)  Significantly, when asked whether her impairments have lasted or can be expected to last at least 12 months, which is a precondition for a finding of disability under the Social Security Act, she answers, "No." (AR 336.)

When Dr. Oo performed a straight leg raise ("SLR") test, he determined that Plaintiff was not cooperative and he thereafter reported negative test results. (AR 399, 391.)  The Court cannot find error in the ALJ's conclusion that Dr. Oo's records failed to provide the sufficient level of detailed testing and results which one would expect to exist based upon the severe functional limitations he assessed in his check-off form.  See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001).

Dr. Oo's conclusions are in direct contrast to those of Dr.

4

Workmon, an orthopedist, who performed an orthopedic consultative evaluation at the request of the Department of Social Services on February 12, 2004. (AR 345-350.) There is no question that Dr. Workmon's examination and testing were comprehensive, and that the results were essentially normal. Dr. Workmon rendered a functional capacity assessment which assessed Plaintiff as being able to frequently lift ten pounds and occasionally lift 20 pounds, which, interestingly enough, is consistent with the conclusions drawn by Dr. Oo. (See AR at 338.) The ALJ's assessment that Plaintiff could perform light work after July 1, 1998 was consistent with Dr. Workmon's functional capacity assessment and with that of the State Agency physician. (See AR at 127-134.)

With regard to the chiropractor, Dr. Weeks, Plaintiff concedes that, while the ALJ could have rejected Dr. Weeks' opinion because he is not a recognized medical source (see 20 C.F.R. §404.1514(a), (d) (2004)), he did not do so, and therefore, the Commissioner's current arguments are nothing more than a post-hoc justification which should not be considered by the Court. Putting aside the initial question of whether Dr. Weeks should not have been considered as a proper medical source, even if his opinion were to be evaluated on that level, the ALJ was justified in rejecting it on the basis that it was inconsistent with other assessments, and fails to demonstrate any objective evidence of limitation. (See AR at 239.) Indeed, examination of Dr. Weeks' records indicate that he did not treat Plaintiff for lower back pain, which was the basis for Dr. Oo's opinion of disability, but for shoulder and other pain. (See AR at 415-19.) He at one point discharged her for being noncompliant with treatment. (AR 413-15, 418.) Dr. Weeks noted in a progress report of

5

December 11, 2003 that Plaintiff had a good range of motion in her cervical lumbar spine and reported some improvement (AR 378), and on April 20, 2004, Dr. Weeks noted that Plaintiff continued to have a good range of motion in her cervical and lumbar areas. (AR 365.) Plaintiff reported that she was not aided by physical therapy, and so Dr. Weeks did not recommend continued physical therapy, but a few days later, Dr. Weeks questioned whether Plaintiff is a malingerer, and assessed that emotional factors contributed to the severity of her physical symptoms and functional limitations. (AR 476.)  On the basis of these records and conclusions, the ALJ was justified in rejecting Dr. Weeks' conclusions with regard to disability.

Thus, while the Court would agree that the ALJ's decision is not a perfect model of clarity and precise articulation, it sufficiently and correctly addresses the evidence, and weighs that evidence in reaching a decision.  The Court finds that the ALJ relied on specific and legitimate reasons for rejecting the opinions of Drs. Oo and Weeks, and that the decision reached is based on substantial evidence. For these reasons, the Plaintiff's Motion for Summary Judgment will be **DENIED,** and Defendant's Cross-Motion for Summary Judgment will be **GRANTED.**

For the foregoing reasons, the Court affirms the decision of the Commissioner.

**IT IS SO ORDERED.**


DATED:  September 13, 2005


/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

6